[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-13193
Non-Argument Calendar

_____

D.C. Docket Nos. 1:13-cv-23468-DLG,
1:10-cr-20844-DLG-1

TOM MAURICE JONES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 31, 2016)

Before TJOFLAT, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Tom Maurice Jones appeals the denial of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct his sentence.  We affirm.

# I. BACKGROUND

Jones was charged with and convicted of one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g). Because Jones had six prior convictions under Fla. Stat. § 893.13, which prohibits the sale, manufacture, or delivery of, or possession with intent to sell, manufacture, or deliver controlled substances, the presentence investigation report ("PSR") states he was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Based on his armed-career-criminal status, Jones had a total-offense level of 33 and a criminal-history category of VI, resulting in a Sentencing Guidelines range of 235 to 293 months of imprisonment. At sentencing, Jones objected to the ACCA enhancement, because his prior convictions were not presented at trial and proved to the jury beyond a reasonable doubt; the district judge overruled his objection. The judge varied downward from the Guidelines range and imposed a sentence of 211 months of imprisonment. We affirmed Jones's conviction and sentence on direct appeal. *United States v. Jones*, 479 F. App'x 874, 875 & n.1 (11th Cir. 2012).

Thereafter, Jones filed a pro se § 2255 motion, raising a single claim of ineffective assistance of counsel. Jones later moved to supplement his motion to include the additional claim that his prior convictions under Fla. Stat. § 893.13 did not constitute "serious drug offenses" under the ACCA or "controlled substance

2

offenses" under the career-offender guidelines. A magistrate judge granted Jones's motion to supplement and appointed counsel for him. Following the appointment of counsel, Jones filed a memorandum of law in support of his supplemental motion to vacate. He argued his convictions under Fla. Stat. § 893.13(1) were not serious drug offenses for purposes of the ACCA, because the Florida statute lacked a mens rea element respecting the illicit nature of the substance; consequently, it was broader than the generic offense.

The government responded Jones's argument was foreclosed by our decision in *United States v. Smith*, 775 F.3d 1262 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 2827 (2015), which held convictions under § 893.13(1) qualified as "serious drug offenses" under the ACCA and "controlled substance offenses" under the career-offender guidelines, because neither of those provisions required that predicate offenses contain a mens rea element respecting the illicit nature of the substance. *Id.* at 1267-68. Jones replied the decision in *Smith* was not yet final, because a petition for rehearing en banc was pending and noted the Supreme Court recently had granted certiorari in *McFadden v. United States*, 576 U.S. __, 135 S. Ct. 2298, 192 L. Ed. 2d 260 (2015), to resolve an analogous question concerning the mens rea element for convictions under the Controlled Substance Analogue Enforcement Act ("Analogue Act").

3

A magistrate judge issued a Report and Recommendation ("R&R"), recommending Jones's motion to vacate be denied. Concerning his ineffective-assistance claim, the magistrate judge concluded Jones had failed to establish prejudice and was entitled to no relief. Regarding his challenge to the use of his § 893.13 convictions as ACCA predicate offenses, the magistrate judge noted we recently had rejected Jones's argument in *Smith*. Consequently, Jones was precluded from arguing his § 893.13 convictions were not serious drug offenses. The magistrate judge concluded a certificate of appealability ("COA") was not warranted, because Jones had not demonstrated he had been denied a constitutional right or that reasonable jurists could debate the issue.

Jones objected to the R&R, reiterated the arguments raised in his reply, and asserted the magistrate judge had erred in recommending a COA not issue. The district judge denied Jones's motion to vacate but disagreed with the magistrate judge's recommendation regarding the issuance of a COA. The judge found a COA was warranted in view of the pending petition for certiorari in *Smith* and the grant of certiorari in *McFadden*; accordingly, the judge granted a COA regarding only Jones's ACCA claim.

On appeal, Jones argues we should reconsider *Smith*, because it was wrongly decided for a number of reasons. He also asserts the Supreme Court's recent

4

decision in *McFadden*, while not binding in this case, suggests his interpretation of the Guidelines is correct.

## II.  DISCUSSION

In reviewing the denial of a § 2255 motion, we review factual findings for clear error and questions of law de novo. *Dell v. United States*, 710 F.3d 1267, 1272 (11th Cir. 2013).  We review de novo whether a prior conviction is a serious drug offense within the meaning of the ACCA. *United States v. Robinson*, 583 F.3d 1292, 1294 (11th Cir. 2009).  Under the prior-panel-precedent rule, we are bound by the holding of a prior panel unless and until it is overruled or undermined to the point of abrogation by a decision of the Supreme Court or an en banc decision if our court. *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

The ACCA provides a person, who violates 18 U.S.C. § 922(g) and has three previous convictions for a serious drug offense, shall be subject to a mandatory-minimum sentence of 15 years of imprisonment.  18 U.S.C. § 924(e)(1).  In relevant part, a "serious drug offense" is defined as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . ., for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id.* § 924(e)(2)(A)(ii).  The career-offender guidelines provide a defendant is a career offender, if he has at least two

prior felony convictions for a controlled-substance offense.  U.S.S.G. § 4B1.1(a).  A "controlled substance offense" is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  U.S.S.G. § 4B1.2(b).

Under Florida law, it is unlawful to "sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance."  Fla. Stat. § 893.13(1)(a).  For offenses under Fla. Stat. § 893.13 committed after 2002, "knowledge of the illicit nature of a controlled substance is not an element of [the] offense."  Fla. Stat. § 893.101(2).  Therefore, a defendant may be convicted under § 893.13(1)(a) even if he was unaware the substance he possessed was a controlled substance.  *See id.*  In *Smith*, we held convictions under Fla. Stat. § 893.13(1) qualify as "serious drug offenses" for purposes of the ACCA and "controlled substance offenses" for purposes of the career-offender guidelines, despite the lack of a mens rea element in § 893.13, because neither the ACCA definition of "serious drug offense" nor the Guidelines definition of "controlled substance offense" includes a mens rea element regarding the illicit nature of the controlled substance.  *Smith*, 775 F.3d at 1267-68.

In *McFadden*, the Supreme Court addressed the mens rea required for a conviction under 21 U.S.C. § 841(a)(1), when the controlled substance at issue was a controlled-substance analogue. *McFadden*, 576 U.S. at __, 135 S. Ct. at 2302. The Court held § 841(a)(1) required the government to prove the defendant knew he was dealing with a controlled substance, meaning he either knew the substance was controlled under the Controlled Substances Act or Analogue Act or knew the specific features of the substance that made it a controlled-substance analogue. *Id.*

Our decision in *Smith* squarely forecloses Jones's argument that convictions under § 893.13(1) cannot constitute serious drug offenses or controlled substance offenses, because the statute lacks a mens rea element. *See Smith*, 775 F.3d at 1267-68. *Smith* has not been overturned or abrogated by an en banc decision of our court or by the Supreme Court; therefore, it remains binding precedent. *Archer*, 531 F.3d at 1352. Additionally, *McFadden* does not control the outcome of this case, because it did not address the mens rea requirement for serious drug offenses under the ACCA or controlled-substance offenses under the career-offender guidelines. *See McFadden*, 576 U.S. at __, 135 S. Ct. at 2302. The district judge did not err in denying Jones's § 2255 motion.

**AFFIRMED.**

7